# IN THE DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM DAVIS )<br>143 Gabriel Drive )<br>Bear, Delaware 19701 )<br>                             )<br>ISSAC MONTAGUE )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>              Plaintiffs   )<br>v.                                )<br>                             )<br>KIRK NEAL )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>L. NEAL )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>RYAN MADDOX )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>MATTHEW LONG )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>SGT. BRASWELL )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>CORRECTIONAL OFFICER EVANGLETT )<br>Sussex Correctional Institution )<br>23203 Dupont Blvd. )<br>Georgetown, Delaware 19947 )<br>                             )<br>JOHN DOES ) | C.A. No.<br>DEMAND FOR JURY TRIAL |

| | |
|---|---|
| CORRECTIONAL OFFICERS<br>Sussex Correctional Institution<br>23203 Dupont Blvd.<br>Georgetown, Delaware 19947<br><br>TRUMAN MEARS, WARDEN<br>Sussex Correctional Institution<br>23203 Dupont Blvd.<br>Georgetown, Delaware 19947<br><br>JON BECK, DEPUTY WARDEN<br>Sussex Correctional Institution<br>23203 Dupont Blvd.<br>Georgetown, Delaware 19947<br><br>                  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

On or about September 18 and October 18, 2021, Defendants engaged in extreme, unprovoked and unnecessary acts of violence against Isaac Montague and William Davis at Sussex Correctional Institution. Defendants' egregious misconduct caused permanent physical harm, severe emotional distress and violated the Constitutional rights of William Davis and Isaac Montague. This Complaint seeks damages, an injunction, attorneys' fees, and any and all other available remedies.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question) and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) as the parties are all located in this District, and the acts and omissions giving rise to the claims all occurred in this District.

## PARTIES

3. Plaintiff William Davis resides at 143 Gabriel Drive, Bear, Delaware 19701. He is a citizen of Delaware.

4. Plaintiff Isaac Montague is presently being held in pretrial detention at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947 (hereinafter "SCI"). He is a citizen of Delaware.

5. Defendant Kirk Neal is a correctional officer employed at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. He was working on or about September 18 and October 18, 2021, and was involved in unprovoked violence against Plaintiffs Davis and Montague.

6. Defendant Ryan Maddox is a correctional officer employed at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. He was working on or about September 18, 2021, and was involved in unprovoked violence against Plaintiff Montague. Reasonable discovery may show that he was also involved in the unprovoked attacked against Plaintiff Davis on or about October 18, 2021.

7. Defendant Matthew Long is a correctional officer employed at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. He oversaw a hearing involving Plaintiff Montague and prevented Plaintiff Montague from seeking redress.

8. Defendant Sgt. Braswell is a correctional officer employed at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. He was working on or about September 18, 2021, and was involved in unprovoked violence against Plaintiff Montague. Reasonable discovery may show that he was also involved in the unprovoked attacked against Plaintiff Davis on or about October 18, 2021.

9. Defendant Evanglett is a correctional officer employed at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. He was working on or about October 18, 2021, and was involved in unprovoked violence against Plaintiff Davis. Reasonable discovery may show that he was also involved in the unprovoked attacked against Plaintiff Montague on or about September 18, 2021.

10. Defendant John Does are unidentified correctional officers employed at Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947 who were working on or about September 18, 2021, or October 18, 2021, and were involved in unprovoked violence against Plaintiff Montague, Plaintiff Davis, or both Plaintiffs. Reasonable discovery, including but not limited to the videotapes of the attacks, will reveal the identity of the John Doe Defendants.

11. Defendant Truman Mears serves as the Warden of the Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. Reasonable discovery will show that he was alerted to unprofessional and illegal conduct by Defendant Neal in the attack against Plaintiff Montague, yet failed to act. His failure to act led to the violent attack on Plaintiff Davis.

12. Defendant Jon Beck serves as the Deputy Warden of the Sussex Correctional Institution, 23203 Dupont Blvd., Georgetown, Delaware 19947. Reasonable discovery will show that he was alerted to unprofessional and illegal conduct by Defendant Neal in the attack against Plaintiff Montague, yet he failed to act. His failure to act led to the violent attack on Plaintiffs Davis.

13. Defendant Sussex Correctional Institution ("SCI") is located at 23203 Dupont Blvd., Georgetown, Delaware 19947. The Institution houses and controls persons incarcerated, both those who have been convicted and those who are being detained prior to trial. The attacks

on Plaintiffs both occurred at Sussex Correctional Institution, and reasonable discovery will show the attacks are part of an ongoing and egregious pattern of the use of excessive force at SCI.

## FACTS REGARDING ATTACK ON PLAINTIFF MONTAGUE

14. On or about September 18, 2021, while working as a correctional officer at SCI, Defendant Kirk Neal initiated and engaged in a violent attack against Plaintiff Montague.

15. Defendant Neal lacked any cause or provocation for the violent attack.

16. Plaintiff Montague encountered Defendant Kirk Neal when he lined up to use the free phone, and obtain his commissary sheet, phone sheet and toilet paper. Defendant Kirk Neal told him he could not use the phone and needed to go to his cell for "lock in."

17. Defendant Kirk Neal followed Plaintiff Montague to his cell, asking for his pen back and telling him to "shut the fuck up."

18. Defendant Kirk Neal stood in the doorway of Plaintiff Montague's cell, preventing Plaintiff Montague from closing his cell door.

19. Defendant Kirk Neal jumped in and out of the doorway, and called "a code."

20. Upon hearing Defendant Kirk Neal call a code, Plaintiff Montague immediately laid down on the floor of his cell on his stomach with his hands behind his back.

21. Despite Plaintiff Montague's passive posture, Defendant Kirk Neal began to assault Plaintiff Montague.

22. As Plaintiff Montague laid on his stomach with his hands behind his head, trying his best to defend himself, Defendant Kirk Neal kneed him in the side of his face.

23. Defendants Braswell, L. Neal and Maddox rushed to Plaintiff Montague's cell and joined with Defendant Kirk Neal in assaulting Plaintiff Montague.

24. These Defendants kicked and punched Plaintiff Montague and pulled his dreadlocks from his head, leaving bald spots.

25. One Defendant used his handcuffs as a weapon, hitting Plaintiff Montague in his face and causing a permanent scar.

26. Defendants Kirk Neal and Maddox called Plaintiff Montague a racist name.

27. Defendant Maddox inserted the can of pepper spray into Plaintiff Montague's mouth and pressed down on the nozzle, forcing large amounts of pepper spray into Plaintiff Montague's body.

28. Other Defendants John Does were present and videotaped the assault, but did not participate. None attempted to halt the assault.

29. The Defendants' assault was so severe that Plaintiff Montague could not walk when Defendants finally halted the beatings.

30. Defendant John Doe placed Plaintiff Montague on a gurney and brought him to a nurse, who patched up his bleeding face.

31. Defendants John Does placed Plaintiff Montague in "the hole" for twenty-one days.

32. Plaintiff Montague was not provided with adequate medical examination or treatment.

33. Plaintiff Montague repeatedly filed "sick slips" seeking pain relief and treatment but received only ice for his injuries.

34. Plaintiff Montague's eye remained swollen shut for multiple days and he could not breath properly for many days.

35. Even today, months after the assault, Plaintiff Montague's eye remains darkened.

36. Plaintiff Montague's shoulder remains injured from the assault.

37. Plaintiff Montague suffers from sudden sharp pains in his head.

38. Defendant Sgt. Matthew Long prevented Plaintiff Montague from seeking redress for his injuries by refusing to allow him to call witnesses and refusing to listen to Plaintiff Montague's testimony.

39. Plaintiff Montague subsequently filed grievances, all of which were ignored or disregarded.

## FACTS REGARDING ATTACK ON PLAINTIFF DAVIS

40. On or about October 18, 2021, Plaintiff Davis was being detained as SCI despite the fact that his release had been ordered. SCI failed to promptly implement the release order, and instead detained Plaintiff Davis for more than 72 hours.

41. Plaintiff Davis, concerned that he was not being released as ordered by the court, approached the control desk and asked Defendant Kirk Neal about his release.

42. Defendant Kirk Neal ignored Plaintiff Davis' request.

43. Approximately an hour later, during recreation time, Plaintiff Davis thought he heard his name called over the public announcement system and approached Defendant Evanglett at the control center once again to inquire.

44. Defendant Neal screamed at him that his name had not been called.

45. Approximately ten minutes later, Plaintiff Davis heard his name called. He approached the control desk again, and asked a correctional officer to read the status sheet to him because he did not have his glasses.

46. Defendant Kirk Neal overhead the request, and began to shout at him with words to the effect: "Get the fuck over here you fucking dickhead."

47. Defendant Kirk Neal grabbed Plaintiff Davis and walked him down the tier, asking "Where the fuck do you live?"

48. Plaintiff Davis answered that he lived in Newark, but then clarified that he lived in Bear.

49. The fact that Plaintiff Davis answered with his address out of the facility rather than with information about his cell block designation enraged Defendant Neal. He slammed Plaintiff Davis to the ground, and began to kick and beat him.

50. Defendant Evanglett and other as-yet unidentified Defendants joined with Defendant Kirk Neal to beat and kick Plaintiff Davis.

51. One Defendant held his feet to the ground.

52. Another Defendant repeatedly punched Plaintiff Davis in the head.

53. Yet another Defendant handcuffed Plaintiff Davis' hands behind his back.

54. Defendants Kirk Neal, Evanglett and the other as-yet unidentified Defendants continued the violent beating and kicking even after handcuffing Plaintiff Davis.

55. Defendant Evanglett began to spray pepper spray in Plaintiff Davis' face.

56. Defendant Evanglett inserted the nozzle into Plaintiff Davis' nose and sprayed excessive amounts of pepper spray into Plaintiff Davis' body.

57. The pepper spray caused such extreme pain and harm that Plaintiff Davis formed the belief that he was going to die and began to have severe difficulty breathing.

58. When the nozzle broke off the pepper spray and began to spew on the Defendants, they finally stopped assaulting Plaintiff Davis.

59. Defendants took Plaintiff Davis to the booking and receiving.

60. Defendant Neal then took Plaintiff Davis to a holding cell, and slammed him, face first, into the tiled concrete floor.

61. Plaintiff Davis was still handcuffed and could not break the fall in any way.

62. Plaintiff Davis did not receive adequate medical evaluation or treatment despite being visibly injured with serious head injuries.

63. During the next shift, at approximately 8:30pm, SCI belatedly released Plaintiff Davis to his mother.

64. Plaintiff Davis went to the emergency room and sought medical treatment for his serious injuries, which included substantial injuries to his head and brain.

65. Plaintiff Davis continues to need medical care and continues to suffer from his injuries.

## FACTS REGARDING LACK OF SUPERVISION

66. Prior to the assault on Plaintiff Davis, Defendant Mears knew about the excessive force used by Correctional Officer Defendants against Plaintiff Montague.

67. Yet despite knowing the details and having access to a videotaped recording of the assault, Defendant Mears failed to supervise and take effective disciplinary actions against Correctional Officer Defendants involved in the assault on Plaintiff Montague.

68. Defendant Mears' failure to supervise the Correctional Officer Defendants involved in the attack on Plaintiff Montague is a proximate cause of the same Correctional Officer Defendants' subsequent assault on Plaintiff Davis.

69. Prior to the assault on Plaintiff Davis, Defendant Beck knew about the excessive force used by the Correctional Officer Defendants against Plaintiff Montague.

70. Yet despite knowing the details and having access to a videotaped recording of the assault, Defendant Beck failed to take effective disciplinary actions against the Correctional Officer Defendants involved in the assault on Plaintiff Montague.

71. Defendant Beck's failure to supervise the Correctional Officer Defendants involved in the attack on Plaintiff Montague is a proximate cause of the same Correctional Officer Defendants' subsequent assault on Plaintiff Davis.

72. Reasonable discovery likely will also that Defendants Mears and Beck knew that one or more of the Correctional Officer Defendants had previously used excessive force against an incarcerated person. Their failures to supervise the Correctional Officer Defendants led to the assault on Plaintiff Montague.

### COUNT I – FOURTEENTH AMENDMENT – USE OF EXCESSIVE FORCE

73. The foregoing allegations are incorporated in full by reference as if fully set forth.

74. Defendants use of excessive force against Plaintiffs violates their Fourteenth Amendment rights to be free from cruel and unusual punishment.

### COUNT II – FOURTEENTH AMENDMENT – LACK OF ADEQUATE MEDICAL CARE

75. The foregoing allegations are incorporated in full by reference as if fully set forth.

76. By failing to provide appropriate medical treatment following their use of excessive force against the Plaintiffs, Defendants' actions and omissions were deliberately indifferent to Plaintiffs' serious medical needs.

77. As such, Defendants' failure to provide adequate medical care violated Plaintiffs' Fourteenth Amendment rights to be free from cruel and unusual punishment.

### COUNT III – FOURTEENTH AMENDMENT – FAILURE TO SUPERVISE

78. The foregoing allegations are incorporated in full by reference as if fully set forth.

79. Defendants Mears and Beck are officials with policymaking authority at SCI and had either actual or constructive knowledge of the propensity and routine of Correctional Officer Defendants, including Defendant Kirk Neal, to engage in unnecessary, excessive and punitive force against incarcerating persons. By failing or refusing to discipline officers employing excessive force against incarcerated persons, Defendants Mears and Beck were personally involved in the violations of Plaintiffs' Fourteenth Amendment rights.

80. Defendants Mears and Buck, by virtue of their own deliberate indifference to known deficiencies in their policies and procedures, allowed to develop an environment in which there was an unreasonable risk that a constitutional injury would occur, and their deliberate indifference caused or contributed to Plaintiffs' injuries.

81. Their failures to supervise were a proximate cause of the assault on Plaintiffs.

### COUNT IV – FOURTH AMENDMENT - FAILURE TO INTERVENE

82. The foregoing allegations are incorporated in full by reference as if fully set forth.

83. Each of the individual Correctional Officer Defendants and the John Doe Defendants had actual knowledge of the violation of Plaintiffs' constitutional rights by the others. Each of the individual Correctional Officer Defendants (including the John Doe Defendants) were present at the scene when Plaintiffs were assaulted and had the opportunity to intervene and protect Plaintiffs' constitutional rights.

84. By failing to intervene, the individual Correctional Officer Defendants (including the John Doe Defendants) violated Plaintiffs' Fourth Amendment rights.

### COUNT V – FOURTEENTH AMENDMENT - STATE-CREATED DANGER

85. Because of Plaintiffs' status as incarcerated persons and Defendants' status as correctional officers and officials, Defendants maintained a level of authority and control over the Plaintiffs.

86. The harm caused to the Plaintiffs by the Defendants was foreseeable and direct.

87. The harm caused to the Plaintiffs was intended by the Defendants.

88. By virtue of their authority and control over the Plaintiffs, Defendants created an opportunity that otherwise would not have existed to cause harm to the Plaintiffs.

89. Defendants are therefore liable to the Plaintiffs under the Fourteenth Amendment. See Estate of Smith v. Marasco, 318 F.3d 497, 506 (3d Cir. 2003)

## COUNT VI – ASSAULT AND BATTERY

90. The foregoing allegations are incorporated in full by reference as if fully set forth.

91. Each of the Defendants (including the John Doe Defendants) engaged in acts of assault and battery against Defendants. Defendants' assault and battery of Defendants were non-discretionary acts done in bad faith and with gross or wanton negligence.

92. The Defendants (including the John Doe Defendants) are therefore liable for assault and battery.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. The foregoing allegations are incorporated in full by reference as if fully set forth.

94. Defendants intentionally inflicted emotional distress on Plaintiffs Montague and Davis.

## COUNT VII – VIOLATIONS OF THE LAW OF DIGNITY

95. The foregoing allegations are incorporated in full by reference as if fully set forth.

96. The acts and omissions of the Defendants violated the dignity of Plaintiffs Montague and Davis.

97. Plaintiffs' rights to dignity are protected by law.

98. Defendants' deprivations of Plaintiffs' rights to dignity are actionable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that the Court granted the following relief:

    A.    Award compensatory damages;

    B.    Award punitive damages against all Defendants;

    C.    Award attorneys' fees and costs; and

    D.    Award any other relief as the Court deems just and proper.

**WHITEFORD TAYLOR & PRESTON LLC**

*/s/ Daniel A. Griffith*
Daniel A. Griffith, Esq. (ID # 4209)
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, DE 19801-3700
Telephone: (302) 357-3254
Email: dgriffith@wtplaw.com

Of Counsel

Susan L. Burke, Esquire
(seeking pro hac admission)
ACLU Delaware
100 W. 10 Street, Suite 706
Wilmington DE 19801
Telephone: (202) 445-1409
Email: sburke@aclu-de.org

*Attorneys for Plaintiff*

Dated: December 17, 2021