# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM DAVIS, et al.,       )
                                    )
              Plaintiffs,     )
                                    )
         v.              )    C.A. No. 1:21-cv-01773-TLA
                                    )
                                    )
KIRK NEAL, et al.,          )
                                    )
            Defendants.    )
                                    )

## DOC DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND <u>AMENDED COMPLAINT AND MOTION TO SEVER</u>

**SAUL EWING ARNSTEIN & LEHR LLP**

James D. Taylor, Jr. (#4009)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19810
302-421-6800
james.taylor@saul.com

*Counsel for DOC Defendants*

Dated: September 16, 2022

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... i

INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDING............................. 1

SUMMARY OF THE ARGUMENT ................................................................................. 2

STATEMENT OF FACTS .............................................................................................. 3

   A.   PLAINTIFFS ALLEGE WHOLLY SEPARATE INCIDENTS AND INJURIES. ........... 3

   B.   PLAINTIFFS' COUNTS ARE VAGUE AND INCOMPLETE. ...................................... 4

ARGUMENT ............................................................................................................... 7

   A.   THE STANDARD FOR DISMISSAL APPLIES HERE. ................................................. 7

   B.   THE STANDARD FOR SEVERANCE LIKEWISE APPLIES FOR ANY REMAINING

   CLAIMS. ................................................................................................................. 8

   C.   SEVERAL COUNTS FAIL UNDER FED. R. CIV. P. 8. ............................................. 9

      1.   Count II—Lack of Adequate Medical Care .............................................. 9

      2.   Count IV—Failure to Intervene ................................................................ 10

      3.   Count VI—Intentional Infliction of Emotional Distress ........................ 11

      4.   Count IX—Violation of Plaintiffs' Substantive Due Process Rights ..................... 12

   D.   CERTAIN COUNTS ALSO FAIL UNDER 12(B)(6). ............................................... 12

   E.   THE COURT SHOULD SEVER ALL REMAINING CLAIMS.................................... 14

CONCLUSION............................................................................................................ 17

# TABLE OF AUTHORITIES

PAGE(S)

CASES

Adger v. Coupe,
No. 21-1841, 2022 WL 777196 (3d Cir. Mar. 14, 2022) ...........................................9

Arunachalam v. Int'l Bus. Machines Corp.,
No. CV 20-1020-LPS, 2021 WL 7209362 (D. Del. Dec. 29, 2021) ....................................8, 9

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ...........................................7

Barrett v. McDonald,
No. CV 14-742-LPS, 2015 WL 5679732 (D. Del. Sept. 25, 2015) ...........................................7

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ...........................................7

Biggins v. Danberg,
Civ. Action No. 10-732-GMS, 2012 WL 37132 (D. Del Jan. 6, 2012)..............................15, 16

Burtch v. Milberg Factors, Inc.,
662 F.3d 212 (3d Cir. 2011) ...........................................7

Cannon v. Delaware,
2012 WL 1657127 (D. Del. May 9, 2012) ...........................................7

Crichlow v. Doe,
Civ. Action No. 12-303-GMS, 2012 WL 1673004 (D. Del. May 11, 2012)..............................15

Drumgo v. Burris,
Civ. Action No. 12-068-GMS, 2012 WL 1657196 (D. Del. May 9, 2012)..............................16

Fatir v. Markell,
Civ. Action No. 16-315-GMS, 2016 WL 5946870 (D. Del. Oct. 12, 2016) ...........................................15

Fowler v. UPMC Shadyside,
578 F.3d 203 (3d Cir. 2009) ...........................................7

Green v. Poorman,
Civil Action No. 20-85-SRF, 2022 WL 2527079 (D. Del. July 7, 2022)..............................11

Hall v. Florida,
572 U.S. 701 (2014)...........................................13

*Henderson v. Correct Care Solutions, LLC*,
    45 F. Supp. 3d 416 (D. Del. 2014) ........................................................10

*Jerry-El v. Wetzel*,
    No. 19-3105, 2022 WL 72728 (3d Cir. Jan. 7, 2022) .............................15

*Jordan v. Delaware*,
    433 F. Supp. 2d 433 (D. Del. 2006) .......................................................11

*Malleus v. George*,
    641 F. 3d 560 (3d Cir. 2011) .................................................................14

*Mincy v. Klem*,
    303 F. App'x 106 (3d Cir., Dec. 16, 2008) ...........................................15

*Parkell v. Linsey*,
    Civ. No. 17-543-LPS, 2017 WL 3485817 (D. Del. Aug. 14, 2017) ...............15, 16

*Ricks v. Shover*,
    891 F. 3d 468 (3d Cir. 2018) .................................................................10

*Salley v. Secretary of Pennsylvania Dept. of Corrections*,
    565 F. App'x 77 (3d Cir. May 1, 2014) .................................................15

*Smith v. Mensinger*,
    293 F. 3d 641 (3d Cir. 2002) .................................................................10

*Staats v. Phelps*,
    Civ. No. 19-101-LPS, 2019 WL 4415404 (D. Del. Sept. 16, 2019) ...............15, 16

*Thompson v. Ferguson*,
    849 F. App'x 33 (3d Cir. 2021) .............................................................15

*Westinghouse Air Brake Technologies Corporation v. Siemens Mobility, Inc.*,
    330 F.R.D. 143 (D. Del. 2019) ........................................................9, 16, 17

*Wilson v. Sinners*,
    No. CV 16-986-LPS, 2018 WL 1414839 (D. Del. Mar. 19, 2018) ...............8

**OTHER AUTHORITIES**

U.S. Const. amend. IV ....................................................................................10

U.S. Const. amend. VIII .......................................................................10, 13, 14

Fed. R. Civ. P. 8 ..................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .......................................................................... passim

Fed. R. Civ. P. 20.................................................................................................... passim

Fed. R. Civ. P. 21 ....................................................................................................9, 15

## INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDING

Sussex Correctional Institution in Georgetown, Delaware ("SCI") is a correctional facility maintained by the State of Delaware, Department of Correction ("DOC").  Plaintiffs are 39 past and current inmates of SCI—as of the filing of the Second Amended Complaint ("SAC"), 15 Plaintiffs were no longer incarcerated, and three Plaintiffs were incarcerated elsewhere.  SAC at 1-4.  In a breathtaking 844-paragraph, 105-page SAC, Plaintiffs have sued 42 current, and former SCI employees, as well as an unspecified number of John Doe Defendants for injuries allegedly suffered during the Plaintiffs' respective confinement at SCI.  The SAC jumbles together wholly unrelated claims and incidents involving separate events and discrete injuries.  No two Plaintiffs were injured in the same incident, and only some Defendants are alleged to have injured more than one Plaintiff.

Plaintiffs filed their original Complaint on or about December 17, 2021.  *See* ECF No. 1. They filed their Amended Complaint on February 16, 2022, ECF No. 3, and the SAC by stipulation of the parties on July 21, 2022.  ECF No. 29.  Through a stipulation entered on August 29, 2022, the parties agreed that the Defendants represented by the undersigned would respond to the SAC by September 16, 2022.  ECF No. 32.[1]    The SAC includes ten counts,[2] none of which identify

---

[1]   The undersigned represents those Defendants the DOC was able to identify from Plaintiffs' pleadings after a reasonable internal inquiry.  *See,* ECF No. 26, ECF No. 31 and August 29, 2022 Oral Order.  The parties agreed, however, that those Defendants whom DOC was unable to locate but are still alleged to be current or former DOC employees will be treated as John Doe defendants for the time being, and the instant Motion is therefore filed on behalf of both the DOC Defendants and the Doe Defendants.

[2]   The SAC contains a typographical error, labeling both Plaintiffs' claims for assault and battery and intentional infliction of emotional distress as Count VI.  *Id.* at 102.

the Plaintiff(s) pursuing the claim nor the Defendant(s) against whom the claim is stated.  Context provides some clues as to some Defendants for a couple of the Counts.  But no Defendant can know, with even the minimum of particularity, how many and which claims are being pursued against them.  By pleading in this way, Plaintiffs have failed to satisfy the threshold requirements of Fed. R. Civ. P. 8 (despite now three opportunities to do so).  For a number of Counts, there are Defendants for whom Plaintiffs have failed to allege facts sufficient to demonstrate a colorable claim.  Indeed, for almost all Defendants, there are claims for which the allegations of the SAC fail to plead one or more elements.  For at least these Defendants on at least these claims, Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6).

As to all Defendants, Counts VII and VIII of the SAC fail as a matter of law.  Plaintiffs' claim at Count VII for "violations of the law of dignity," does not assert a cause of action recognized in Delaware or in the Third Circuit.  Plaintiffs' claim at Count VIII for retaliation is conclusory, unsupported by factual allegations, and fails to state a claim.

Finally, for any remaining claims, Defendants respectfully submit that those claims should be severed into one suit per Plaintiff.  Given the discrete nature of the alleged harms, severance would also protect any remaining Defendants against the substantial prejudice that is likely to arise from defending these disparate claims.

## SUMMARY OF THE ARGUMENT

Under Fed. R. Civ. P. 8, defendants must be apprised of the nature of the claims against them.  The SAC fails to meet the threshold for Defendants as to at least Counts II, IV, the second Count VI (intentional infliction of emotional distress), and Count IX.

To the extent Plaintiffs' claims are stated against *all* Defendants, a number of claims are not supported by factual allegations for a subset of Defendants and should be dismissed as to those Defendants under Fed. R. Civ. P. 12(b)(6).

In Count VII, Plaintiffs fail to state a claim as to all Defendants.  That Count, entitled "Violations of the Law of Dignity," does not state a cause of action recognized in Delaware or the Third Circuit, and the Count should be dismissed under Fed. R. Civ. P. 12(b)(6).

Count VIII is conclusory, not supported by factual allegations, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

 Severance of any remaining claims is appropriate under Fed. R. Civ. P. 20 and 21.

## STATEMENT OF FACTS[3]

The Plaintiffs in this action are 39 individuals who are, or were at one point, inmates at SCI.  *See generally* SAC.  The Defendants are 42 named individuals, and an unspecified number of John Does currently or formerly employed at SCI, including former SCI Warden Truman Mears and Deputy Warden Jon Beck.  *Id.* at 5-9.

### A.    PLAINTIFFS ALLEGE WHOLLY SEPARATE INCIDENTS AND INJURIES.

Plaintiffs allege that each of them were harmed one or more times during their incarceration at SCI, typically—but not exclusively—alleging that they were subject to the excessive use of force and denial of proper medical care.  *See* SAC ¶¶ 88 to 808.  Notably, each Plaintiff alleges he

---

[3] Defendants dispute many of the facts alleged in the SAC, and to the extent necessary, they will show them to be false following discovery.  For purposes of this Motion under Rule 12(b)(6), however, the facts alleged by Plaintiffs, to the extent they can be ascertained, are taken as true.

was injured in incidents distinct from the other Plaintiffs. *See id.* The allegations do not relate to one incident involving all parties. Indeed, no Plaintiff alleges that he was injured at the same time as any other Plaintiff. Rather the SAC recites 39 distinct incidents allegedly taking place between January 2020 and February 2022, with the only common element being their location: SCI.

**B.    PLAINTIFFS' COUNTS ARE VAGUE AND INCOMPLETE.**

At the end of these factual allegations, Plaintiffs assert ten claims collectively and (presumably) against all Defendants. SAC ¶¶ 809-844. No count specifies which Plaintiffs are pursuing the claim or which Defendants are allegedly liable. *Id.* But it is indisputable that for a number of Counts, there are either no allegations or insufficient allegations to make out the elements for a number of the Defendants. For example:

- Six Plaintiffs make no allegations that they were denied medical care (Count II), *id.* at ¶¶ 377-408, 427-43, 577-99, 636-44, 655-72;

- Seven Plaintiffs make either no allegations or minimal allegations of emotional distress, failing to support a claim of intentional infliction of emotional distress (Plaintiff's second Count VI), *id.* at ¶¶ 88-139, 239, 343, 444-61, 528, 599;

- Nine Plaintiffs fail to allege that they filed grievances after suffering injuries, thus failing to plead a violation of substantive due process claim (Count IX), *id.* at ¶¶ 114-39, 427-43, 577-99, 614-22, 636-44, 655-72, 726-45, 773-92; and

- While Plaintiffs allege in a conclusory fashion in the body of their claim for failure to intervene (Count IV) that "[e]ach of the individual Correctional Officer Defendants and the John Doe Defendants had actual knowledge of the violation of Plaintiffs' constitutional rights by the others," SAC ¶ 819, there are no allegations to support (and it is implausible to conclude) that every Defendant correctional officer knew about every instance of alleged

4

harm spanning a two-year period.  Further, the allegations fail to allege with specificity that at least four Defendants were in a position to intervene in any purported constitutional violation.  *Id.* at ¶¶ 88-113, 444-61, 623-35, 726-45.

Context sheds some light on which claims may be asserted against which Defendants, but even there, Defendants are left to speculate.   For example, Plaintiffs' claim for failure to supervise at Count III only discusses Warden Mears and Deputy Warden Beck in the body of the Count, suggesting that Count is directed only at those two.  *Id.* at ¶¶ 814-17.  Alternatively, the claim for failure to intervene at Count IV alleges harmful omissions by "[e]ach of the individual ***Correctional Officer Defendants***" suggesting Mears and Beck (as supervisors, not officers) are excluded.  *Id.* at ¶ 819 (emphasis added).  But, Plaintiffs' assault and battery claim, at Count VI, alleges "[e]ach of the Defendants . . . engaged in acts of assault and battery against Plaintiffs," *id.* at ¶ 827, signaling that the claim is stated against all Defendants (including both officers and supervisors).  Plaintiffs' excessive force claim at Count I omits any descriptive word like "each," instead stating only that "Defendants' use of excessive force" was unconstitutional.  *Id.* at ¶ 810. Indeed, other than Counts III, IV, and the assault claim at Count VI, all of the other claims use the generic term "Defendants" without any modifier like "each" or "Correctional Officer," and without discussing any Defendants by name.  *Id.* at ¶¶ 809-13, 821-25, 829-44.

### 1.  SAC Count II

For Count II, it is impossible to determine against whom the claims are stated.  Count II alleges "fail[ure] to provide appropriate medical treatment."  *Id.* at ¶ 812.  But there's no indication in the body of the Count or in the factual allegations which Defendants purportedly had a duty to treat Plaintiffs.  No medical personnel are named as Defendants, yet many Plaintiffs chiefly take issue with the quality of their medical care.  A table setting forth those Defendants who do not

believe or are unable to determine whether a claim has been filed against them under Count II, along with the corresponding Plaintiffs and allegations, is attached hereto as Exhibit 1.

### 2. SAC Count IV

Plaintiffs' claims for failure to intervene at Count IV do not allege facts as to at least four Defendants, for the relevant Plaintiffs do not allege they were harmed under circumstances where another Defendant could have intervened.  A table setting forth those four Defendants, the corresponding Plaintiffs, and the relevant allegations is attached hereto as Exhibit 2.

### 3. SAC Count VI (Intentional Infliction of Emotional Distress)

Plaintiffs similarly fail to allege facts that would justify maintaining claims for the second Count VI, intentional infliction of emotional distress, for a number of Defendants.  For some Defendants, the Plaintiffs alleging claims against them do not state specific allegations of emotional distress.  Many of those Plaintiffs that do allege distress fail to allege it was severe, and others fail to attribute their emotional distress directly to particular Defendants.  A table identifying those Defendants who do not believe or are unable to determine whether a claim has been filed against them under this Count VI, along with the corresponding Plaintiffs and allegations, is attached hereto as Exhibit 3.

### 4. SAC Count IX

Plaintiffs' Count IX alleges that Plaintiffs were denied "full and fair administrative hearing[s]" concerning "Defendants' assaults." *Id.* at ¶ 843.  There is no indication in the SAC as to which Defendants are purportedly responsible.  Some Plaintiffs allege that they filed grievances; however, all but one of those Plaintiffs fail to allege that they filed with a particular person, instead alleging only that they allegedly filed grievances and were ignored.  A table setting forth those Defendants who do not believe or are unable to determine whether a claim has been filed against

them under Count IX, along with the corresponding Plaintiffs and allegations, is attached hereto as Exhibit 4.

## ARGUMENT

### A.    THE STANDARD FOR DISMISSAL APPLIES HERE.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the complaint's well-pleaded facts as true but disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court must ultimately determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 211. In other words, "the complaint must do more than allege [Plaintiffs'] entitlement to relief; rather, it must 'show' such an entitlement with its facts." *Cannon v. Delaware*, 2012 WL 1657127, at *5 (D. Del. May 9, 2012). "When the allegations in the complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The Third Circuit has cautioned that when determining the sufficiency of a complaint, "the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences . . . ." *Barrett v. McDonald*, No. CV 14-742-LPS, 2015 WL 5679732, at *2 (D. Del. Sept. 25, 2015) (internal citations omitted.) Additionally, "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face." *Id.* (internal citations omitted.)

7

This Court also "has the power to dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure." *Wilson v. Sinners*, No. CV 16-986-LPS, 2018 WL 1414839, at *3 (D. Del. Mar. 19, 2018). Under Fed. R. Civ. P. 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "the complaint must also 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Arunachalam v. Int'l Bus. Machines Corp.*, No. CV 20-1020-LPS, 2021 WL 7209362, at *5 (D. Del. Dec. 29, 2021) (quoting *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008)). "To avoid dismissal, allegations must not be 'so undeveloped that [they fail to] provide a defendant the type of notice of claim which is contemplated by Rule 8.'" *Id.* at *8 (quoting *Phillips*, 515 F. 3d at 232).

## B.   THE STANDARD FOR SEVERANCE LIKEWISE APPLIES FOR ANY REMAINING CLAIMS.

Fed. R. Civ. P. 20(a) provides:

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

In other words, Rule 20 "contemplates two tests for joinder [and] . . . [i]n order to permit joinder, both tests must be satisfied." *Phillips Electronics North America Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (emphasis added). The District of Delaware has held that the two tests "are necessary," but "even if the claims at issue meet both requirements, joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'" *Westinghouse Air Brake Technologies*

*Corporation v. Siemens Mobility, Inc.*, 330 F.R.D. 143, 147-48 (D. Del. 2019) (quoting *In re EMC Corp.*, 677 F. 3d 1351, 1356 (Fed. Cir. 2012)).

When parties have been improperly joined, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.  When considering the Rule 20 requirement that parties' claims arise out of the same transaction or occurrence, this Court "analyzes whether there is a 'logical relationship between the separate causes of action' such that 'there is substantial evidentiary overlap in the facts giving rise to the' different sets of claims or the claims 'share an aggregate of operative facts.'"  *Westinghouse Air Brake Technologies Corporation*, 330 F. R. D. at 148 (quoting *In re EMC Corp.*, 677 F. 3d at 1358).

### C.    SEVERAL COUNTS FAIL UNDER FED. R. CIV. P. 8.

Plaintiffs' claims for lack of adequate medical care (Count II), failure to intervene (Count IV), intentional infliction of emotional distress (the second Count VI), and violation of Plaintiffs' substantive due process rights (Count IX) should be dismissed as to those Defendants identified in the tables at Exs. 1-4.  Plaintiffs' allegations fail to give those Defendants "fair notice of what the . . . claim is and the grounds upon which it rests."  *Arunachalam*, 2021 WL 7209362, at *5 (quoting *Phillips*, 515 F. 3d at 231).  *See also Adger v. Coupe, et. al.,* No. 21-1841, 2022 WL 777196, at *4 (3d Cir. Mar. 14, 2022) (explaining that "challenges under Rule 8 might be employed as to certain specific defendants" even where some plaintiffs may have alleged claims against some defendants).

### 1.    Count II—Lack of Adequate Medical Care

To state a claim for violation of the Eighth Amendment for failure to provide adequate medical care, a plaintiff must allege "(1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." *Henderson v. Correct Care Solutions,*

*LLC*, 45 F. Supp. 3d 416, 419 (D. Del. 2014). As demonstrated by the table at Ex. 1, a number of Plaintiffs do not allege that they were denied access to appropriate medical care; for those who do, the allegations are typically unclear as to whether a Defendant purportedly bears responsibility, or whether the alleged fault lies with a non-party medical professional that provided care. Because Plaintiffs fail to give Defendants fair notice, Count II should be dismissed as to the 29 Defendants listed in the table at Ex. 1.

### 2. Count IV—Failure to Intervene

To state a claim for violation of the Eighth Amendment for failure to intervene,[4] a plaintiff must allege that a state actor defendant "had a reasonable opportunity to intervene and simply refused to do so." *Ricks v. Shover*, 891 F. 3d 468, 479 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F. 3d 641, 650-51 (3d Cir. 2002)). The window during which intervention is constitutionally required is limited: "liability will only attach if the opportunity to intervene is 'realistic and reasonable.'" *Ricks*, 891 F. 3d at 479 (quoting *Smith*, 293 F. 3d at 651). The Court in Ricks, for instance, affirmed dismissal of a failure to intervene claim because the alleged use of force against plaintiff was over before the plaintiff could get the would-be intervenor's attention. *Id.*

The Plaintiffs make the wild allegation in the body of Count IV that "[e]ach of the individual Correctional Officer Defendants . . . were present at the scene when Plaintiffs were assaulted and had the opportunity to intervene," SAC ¶ 819. That cannot be so. There are 40

---

[4] Plaintiffs label their claim "Count IV – Fourth Amendment – Failure to Intervene," SAC at 101, but the Third Circuit recognizes an alleged failure to intervene in the use of excessive force context as a claim under the Eighth Amendment. *See Ricks v. Shover*, 891 F. 3d 468, 479 (3d Cir. 2018); *Smith v. Mensinger*, 293 F. 3d 641, 650 (3d Cir. 2002).

correctional officers named as Defendants in this matter. The incidents described in the SAC allegedly occurred over a two-year period, and Plaintiffs do not (and could not) allege that all 40 Defendants were present at every purported assault. And, as demonstrated in the table at Ex. 2, there are no specific allegations that at least four of Defendants were in a position to intervene in any one incident. Because Plaintiffs fail to meet the statutory requirements for pleading, Count IV should be dismissed as to those four Defendants under Fed. R. Civ. P. 8.

### 3.   Count VI—Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under Delaware law, a party must allege "(1) extreme and outrageous conduct; (2) an intent to cause severe emotional distress or reckless disregard with respect to causing emotional distress; and, (3) the conduct actually caused severe emotional distress." *Jordan v. Delaware*, 433 F. Supp. 2d 433, 444 (D. Del. 2006) (quoting *Capano Mgmt. Co. v. Transcon. Ins. Co.*, 78 F. Supp. 2d 320, 327 (D. Del. 1999)). As to the third prong, the distress must be "so severe that 'no reasonable man could be expected to endure it.'" *Green v. Poorman*, Civil Action No. 20-85-SRF, 2022 WL 2527079, at *9 (D. Del. July 7, 2022) (quoting *Dayton v. Collison*, C.A. No. N17C-08-100 CLS, 2020 WL 3412701, at *12 (Del. Super. Ct. June 22, 2020)).

Plaintiffs have not clearly stated, and it is not clear from context, which of them bring claims for intentional infliction of emotional distress or which Defendants are purportedly liable. As demonstrated by the table at Ex. 3, a number of Plaintiffs do not specifically allege that they suffered emotional distress; for some who do, the distress alleged does not appear to be sufficiently severe to state a claim; others are not clear as to which Defendant purportedly caused the distress. Plaintiffs' Count VI for intentional infliction of emotional distress should therefore be dismissed

as to the 12 Defendants listed in the table at Ex. 3, because the Plaintiffs fail to give Defendants the required notice under Rule 8.

### 4.   Count IX—Violation of Plaintiffs' Substantive Due Process Rights

Plaintiffs assert a substantive due process violation because they were allegedly denied "the right to a full and fair administrative hearing to challenge and bring to light Defendants' assaults." SAC ¶ 843. Plaintiffs have not clearly stated, however—and it is not clear from context—which of them bring this claim and against whom. As demonstrated by the table at Ex. 4, not all Plaintiffs allege that they submitted a grievance or otherwise registered a complaint about their treatment, such that they would expect a hearing. In addition, for the Plaintiffs that allege they registered a complaint that was ignored, the allegations are unclear as to which Defendant purportedly bears responsibility. Because the Plaintiffs fail to meet the statutory requirements for pleading for the 38 Defendants listed in the table at Ex. 4, Count IX should be dismissed as to those Defendants under Fed. R. Civ. P. 8.

### D.   CERTAIN COUNTS ALSO FAIL UNDER 12(B)(6).

Dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6) for Counts II, IV, the Count VI for intentional infliction, and Count IX for a subset of Defendants. The tables at Exs. 1-4 highlight that Plaintiffs have failed to state certain claims as to a number of Defendants by failing to allege facts that would satisfy the elements. Without cumulatively reproducing the information captured in the tables, the Defendants for whom a 12(b)(6) dismissal is proper are:

**Count II –** Sgt. Hastings, CO Miles Vernet, Sgt. Robert Givens, Sgt. Andrew Cassidy, CO Keen, CO Humes, Brandon Messick, Sgt. Kevin Braswell, Lyle Neal, Matthew Long, CO Duperon, CO Brandon Wilkens, CO Keefer, CO West, CO Amy Mathis, Cpl. Joseph Kraft, CO Jeff Purdy, Sgt. Hudson, CO Wright, CO Aaron Bianca, CO Jared Payton, CO Eric Layman CO Roswell, CO Jones, Co Hood, Deputy Warden Jon Beck;

**Count IV –** Matthew Long, CO Wright, Sgt. Deon Brown;

**Count VI (intentional infliction) –** Sgt. Kevin Braswell, Lyle Neal, Matthew Long, CO Evanglett, CO Wright, Sgt. Fountain, Sgt. Correa;

**Count IX** – Sgt. Kevin Braswell, Lyle Neal, Ryan Maddox, CO Evanglett, CO Duperon, CO Brandon Wilkens, CO Keefer, CO West, CO Amy Mathis, Cpl. Joseph Kraft; CO Miles Vernet, CO Jeff Purdy, Isaac Mitchell, Sgt. Hudson, Sgt. Hastings, Sgt. Robert Givens, Brandon Messick, Sgt. Jeremiah Purnell, Sgt. Andrew Cassidy, CO Keen, CO Humes, Sgt. Steven Long, Cpl. Steele, Sgt. Joseph McCarthy, CO Wright, CO Naomi Strand, Sgt. Correa, Sgt. Fountain, CO Aaron Bianca, CO Jared Payton, CO Eric Layman, CO Roswell, CO Jones, CO Hood, Sgt. Deon Brown, Sgt. Russell, CO Jefferson, CO Spencer.

As to all Defendants, the Court should dismiss Counts VII and VIII of the SAC under Fed. R. Civ. P. 12(b)(6). Count VII seeks relief for "Violations of the Law of Dignity." SAC ¶¶ 832-34. No Delaware or Third Circuit case has embraced such a cause of action. And, while the Supreme Court has recognized a duty to protect human dignity inherent in the Eighth Amendment to the U.S. Constitution, it has only done so in death penalty cases involving infirm or juvenile defendants. *See Hall v. Florida*, 572 U.S. 701, 708 (2014) ("By protecting even those convicted of heinous crimes, the Eighth Amendment reaffirms the duty of the government to respect the dignity of all persons.") (quoting *Roper v. Simmons*, 543 U.S. 551, 572 (2005)). There is no cause of action for violation of dignity under these circumstances.

Count VIII, a claim for retaliation, alleges that "[s]ince the filing of this action, the named Plaintiffs have been subjected to various acts of retaliation, including without limitation *additional acts* of excessive force and physical abuse, deprivation of basic amenities and verbal and emotional abuse." SAC ¶ 837 (emphasis added). Plaintiffs do not support this conclusion with any specific

13

factual allegations elsewhere in the SAC[5]—indeed, Plaintiffs' use of the word "additional" implies that Count VIII is not founded in the allegations of the Complaint, but some other harm.

"[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  When weighing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), courts in the Third Circuit employ a three-step test: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F. 3d 560, 563 (3d Cir. 2011).  Plaintiffs' only allegations in support of Count VIII are conclusory.  Alleging that Plaintiffs are entitled to relief as a result of unspecified harms that are not mentioned in the SAC is a textbook example of placing the "right to relief [at] the speculative level." *Twombly*, 550 U.S. at 555.  Count VIII should therefore be dismissed as to all Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

### E.    THE COURT SHOULD SEVER ALL REMAINING CLAIMS.

For any claim that may remain, the Court should sever these disparate claims.  When considering whether to sever, courts look to whether the plaintiffs' claims arise out of the "same transaction, occurrence, or series of occurrences."  Fed. R. Civ. P. 20(a)(1)(A).  The Third Circuit

---

[5] Only five Plaintiffs—Reece, Harding, Maddux, Ray and Bennett—specifically allege that they were harmed after the original Complaint was filed in this case, while a sixth Plaintiff, Sudler, alleges injuries close in time to the original filing.  *See* SAC ¶¶ 492-505, 518-28, 673-725, 746-92.  However, none of these Plaintiffs were parties to the original Complaint, *see* ECF 28-2 at 3-5, and none of them link their harm to retaliation for the original Complaint.  *See* SAC, *supra*.

and District of Delaware have a robust body of caselaw examining inmates' claims through this lens, uniformly holding that prisoners' claims based on alleged misconduct at different times involving different defendants do not satisfy the transaction or occurrence test. *Jerry-El v. Wetzel*, No. 19-3105, 2022 WL 72728, at *3 (3d Cir. Jan. 7, 2022); *Thompson v. Ferguson*, 849 F. App'x 33, 36 (3d Cir. 2021); *Salley v. Secretary of Pennsylvania Dept. of Corrections*, 565 F. App'x 77, 81-82 (3d Cir. May 1, 2014); *Mincy v. Klem*, 303 F. App'x 106, 108 (3d Cir., Dec. 16, 2008); *Staats v. Phelps*, Civ. No. 19-101-LPS, 2019 WL 4415404, at *1 (D. Del. Sept. 16, 2019); *Parkell v. Linsey*, Civ. No. 17-543-LPS, 2017 WL 3485817, at *3-4 (D. Del. Aug. 14, 2017); *Fatir v. Markell*, Civ. Action No. 16-315-GMS, 2016 WL 5946870, at *4-6 (D. Del. Oct. 12, 2016); *Crichlow v. Doe*, Civ. Action No. 12-303-GMS, 2012 WL 1673004, at *1-3 (D. Del. May 11, 2012); *Biggins v. Danberg*, Civ. Action No. 10-732-GMS, 2012 WL 37132, at *2-3 (D. Del Jan. 6, 2012).

In *Jerry-El*, plaintiff filed two claims against two separate correctional officers for overexposing him to secondhand smoke over two different time periods. 2022 WL 72728, at *3 . The District Court dropped the claim against the second correctional officer pursuant to Rule 21. *Id.* The Third Circuit affirmed on the basis that the claim against the second correctional officer failed the transaction or occurrence test, because the two different exposures to secondhand smoke occurred at different times and in different cell blocks. *Id.* The decision in *Jerry-El* stands for the proposition that the same type of alleged harm committed by different correctional officers at different times, even in the same prison facility, does not pass the transaction or occurrence test of Rule 20. *See also Parkell*, 2017 WL 3485817, at *3-4 (dismissing plaintiff's complaint and urging him to file separate complaints for each violation of his rights by different personnel in the same prison); *Drumgo v. Burris*, Civ. Action No. 12-068-GMS, 2012 WL 1657196, at *1-2 (D. Del.

15

May 9, 2012) (same); *Biggins v. Danberg*, Civ. Action No. 10-732-GMS, 2012 WL 37132, at *2-4 (D. Del. Jan. 6, 2012) (same).

*Staats* is also instructive.  In *Staats*, five inmates at the James T. Vaughn Correctional Center brought claims together regarding their respective treatment during, and in the weeks following, the State retaking the facility in the wake of a prison riot.  2019 WL 4415404, at *4-6. After dismissing the case (with leave to refile for certain claims), this Court also severed the case into five separate cases—one per plaintiff.  *Id.*  The Court noted that some plaintiffs had been released and others had been transferred, and for the sake of case administration, the plaintiffs should pursue their claims separately.  *Id.*  The decision was consistent with this Court's holding in *Westinghouse* that even if Rule 20's requirements are satisfied, "joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'"  *Westinghouse Air Brake Technologies Corporation*, 330 F.R.D. at 147-48 (D. Del. 2019) (quoting *In re EMC Corp.*, 677 F. 3d at 1356).

Severance is particularly appropriate here. Though Plaintiffs allege similar harms, all taking place at SCI, the harms are completely distinct—Plaintiffs were purportedly injured at times and places completely unique to each of them.  Plaintiffs' highly individual harms do not pass the transaction or occurrence test under Rule 20, and that alone is an appropriate reason to sever. Moreover, nearly half of the Plaintiffs have been released from incarceration or transferred out of SCI, complicating the case administration.  The procedural history, number of amendments, and unserved (and unidentified) Defendants highlight those challenges, and case administration can only get more complicated once discovery starts, and Plaintiffs and Defendants propound separate sets of discovery requests and notices of deposition—all for wholly discrete claims with no evidentiary overlap.

Most importantly, each individual Defendant has a right to a proceeding free from unfair prejudice. The 844-paragraph, 105-page SAC is full of abhorrent allegations designed to overwhelm and inflame. The cumulative weight bears the very real risk that a defendant is found liable simply because there are dozens of named defendants similarly accused of misconduct. That risk is inconsistent with principles of fundamental fairness to which each defendant is entitled. Conversely, severing the claims into one suit per Plaintiff would ensure that the allegations against each Defendant would be considered only on their own terms rather than against a sea of troubling allegations. *See Westinghouse Air Brake Technologies Corporation*, 330 F.R.D. at 147-48 (quoting *In re EMC Corp.*, 677 F. 3d at 1356) (holding severance may be appropriate "in the interest of avoiding prejudice."). There is no colorable argument that the prejudice Defendants would suffer by keeping the claims together is offset by any worthwhile competing interest, and the Defendants respectfully ask the Court to sever any remaining claims.

## <u>CONCLUSION</u>

For the reasons set forth above, Counts II, IV, VI (intentional infliction of emotional distress), and Count IX of Plaintiffs' Second Amended Complaint should be dismissed as to the above-enumerated Defendants under either Fed. R. Civ. P. 8 or 12(b)(6), Counts VII and VIII should be dismissed as to all Defendants under Fed. R. Civ. P. 12(b)(6), and this matter should be severed to create a separate case for each Plaintiff as to all remaining claims.

[*Signature on the following page.*]

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/James D. Taylor, Jr.*
James D. Taylor, Jr. (#4009)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19810
302-421-6800
james.taylor@saul.com

*Counsel for Defendants*

Dated: September 16, 2022

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 16, 2022 copies of the foregoing DOC Defendants' Opening Brief in Support of Their Partial Motion to Dismiss Plaintiffs' Second Amended Complaint and Motion to Sever, as well as the accompanying Motion, Exhibits, and proposed Order, were e-filed via CM/ECF to all counsel of record.

<u>*/s/James D. Taylor, Jr.*</u>

James D. Taylor, Jr. (#4009)