# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM DAVIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 21-1773-TLA |
| | ) |
| KIRK NEAL, *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

## STIPULATION AND PROPOSED ORDER
## ON CONFIDENTIALITY

The parties have agreed to the following provisions in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect confidential materials. In discovery, the parties have identified certain documents and materials that can only be produced subject to a stipulation and order preserving their confidentiality and limiting disclosure.

This Stipulation is designed to balance the rights of each party to access discoverable materials in the custody, possession, or control of opposing parties against the privacy rights of non-parties to this litigation and party and non-party employees, past or present, of the DOC and State of Delaware with respect to confidential information, including but not limited to investigative, policy and procedure, supervision, disciplinary, medical, or personnel records. The DOC and State of Delaware also have an interest in preserving the confidentiality of those records and any other information protected by 11 Del. C. § 4322, 11 Del. C. § 9200,  or 29 Del. C. § 10002 *et. seq*.

Counsel for the parties have conferred and reviewed this Stipulation, and IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject

41502509.1

to the approval of the Court, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure that this Stipulation will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or third-party providing Discovery Material in this Litigation.

1. Documents not subject to objection or privilege shall be produced for purposes of discovery in this case, subject to the terms of this Stipulation and Order. A privilege log must be produced whenever a party withholds documents on the assertion of privilege. Access to "Confidential" documents shall be limited to the parties to this action, their attorneys, the attorneys' legal staffs, the judges and other personnel (including court reporters) of the U. S. District Court for the District of Delaware, and expert witnesses retained by the parties. Access to "Attorneys' Eyes Only" documents shall be limited to counsel of record in this action. No other person may access the material without leave of Court and after at least ten calendar days' notice to all attorneys in this action.

2. In order to designate material as "Confidential:"

    (a) Counsel for the producing party shall affix the legend "Confidential" to each page containing any confidential material, except for multi-page documents bound together by staple or other binding, the word "Confidential" need only be stamped on the cover page to make the entire document confidential;

41502509.1

(b) During a deposition, counsel may state on the record that certain testimony and/or documents shall be treated as confidential for a period of fourteen calendar days after receipt of the transcript from the court reporter;

(c) Within fourteen calendar days after receipt of a deposition transcript, counsel shall notify all parties and the court reporter by e-mail or other written communication, specifying pages and lines of any information deemed confidential.

(d) In instances (b) or (c), counsel shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any confidential material. Only the portions so designated shall be deemed confidential material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, or otherwise by written stipulation, without further order of the Court.

(e) In the case of documents, messages, or other data in electronic form:

  i. Where the electronic data has been or can be reduced to physical form, as in a CD, DVD, or other portable storage medium, the case and/or the object shall be marked as "Confidential;" or

  ii. Such data shall be placed in a separate folder labeled "Confidential" and containing a message referring to this Stipulation and Order.

3. In order to designate material as "Attorneys' Eyes Only:"

(a) Counsel for the producing party shall affix the legend

"Attorneys' Eyes Only" to each page containing any confidential material, except for multi-page documents bound together by staple or other binding, the phrase "Attorneys' Eyes Only" need merely be stamped on the cover page to make the entire document confidential;

(b) In the case of documents, messages, or other data in electronic form:

i. Where the electronic data has been or can be reduced to physical form, as in a CD, DVD, or other portable storage medium, the case and/or the object shall be marked "Attorneys' Eyes Only;" or

ii. Such data shall be placed in a separate folder labeled "Attorneys' Eyes Only" and containing a message referring to this Stipulation and Order.

4. The initial failure to designate a document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of such claim, and the producing party may so designate a document after production, *nunc pro tunc*, with the effect that such document is subject to the protections of this Order. However, a late designation of confidentiality does not mean disclosure of such a document to a third party in the meantime was a violation of this Stipulation.

5. Any party may challenge another party's designation of material as "Confidential" or "Attorneys' Eyes Only" by appropriate motion to the Court.

6. Each person to whom "Confidential" material is disclosed or made available, including experts or consultants retained by any party, shall be advised of the existence and the contents of this Stipulation and shall be bound by its terms and conditions. No such person shall divulge any "Confidential" material, or any data or information obtained, derived, or generated from "Confidential" material, to any other person except as provided herein.

41502509.1

7. Any plaintiff may be told the substance of "Confidential" materials, but he may not be provided copies of such material during any period of incarceration in a DOC facility. No defendant shall be provided with a copy of any plaintiff's medical records. If counsel of record deem it necessary to discuss "Confidential" material with witnesses or potential witnesses, the latter shall not be given copies thereof.

8. "Confidential" and "Attorneys' Eyes Only" material, or data and information obtained, derived, or generated therefrom, shall not be used for any purpose other than pretrial discovery, motions and briefs, preparation for trial, trial, and post-trial litigation in connection with this action.

9. Any documents filed of record which contain "Confidential" or "Attorneys' Eyes Only" material shall be filed under seal in accordance with court rules.

10. Nothing in this Stipulation shall be construed as a waiver by either party or their legal counsel of the right to object to the subject matter of any subpoena, deposition notice, or discovery request made in this action, or to the admissibility into evidence of any document or testimony subject to this Stipulation. The execution of this Stipulation shall not be construed as an agreement to produce any document or supply any information, and it shall not constitute a waiver of any privilege with respect thereto. The parties retain the right to object to discovery requests, seek a protective order, or file a motion to quash a subpoena.

11. Likewise, nothing contained in this Stipulation shall be construed as a waiver by any party of the right to seek to enforce a subpoena or to compel discovery, and/or file an appropriate motion with the Court contesting the refusal to produce information and/or documents.

12. If any party disagrees with the designation of any material as "Confidential" or "Attorneys' Eyes Only", the objecting party shall be required to notify the opposing party by e-

41502509.1

mail of such disagreement. The parties shall confer within five (5) business days of receipt of said written objection to discuss the validity of the designation. If no resolution is reached, the objecting party may file an appropriate motion. The designated material remains "Confidential" or "Attorneys' Eyes Only," as the case may be, pending a final determination by the Court.

13. Within sixty (60) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as "Confidential" or "Attorneys' Eyes Only" shall be destroyed or returned to counsel for the producing party, together with all documents containing data or information derived from or set forth in such material, but this does not include pleadings filed with the Court.

14. If any "Confidential" or "Attorneys' Eyes Only" material, information, or data obtained, derived, or generated therefrom, is sought from a party to this action by counsel of record in any other judicial or administration proceeding, whether by motion or otherwise, such party to this action will immediately notify counsel for the producing party, so as to allow the opportunity to seek a protective order from the appropriate court.

15. By entering this Stipulation as an Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

16. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific material disclosed or to other material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the material that it

should have been designated "Confidential" or "Attorney's Eyes Only." Upon such written notification, the receiving Party shall treat such material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

17. Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

18. The following information shall not be deemed or considered "Confidential" or "Attorneys' Eyes Only" material under this Order: (a) information in the public domain; (b) information already known by the receiving party through proper means; and (c) information that is or becomes available to a party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

19. This Order does not deprive any Party of its right to object to discovery, or a refusal to permit discovery, by any other Party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

**[SIGNATURE PAGE FOLLOWS]**

41502509.1

| | |
|---|---|
| **WHITEFORD TAYLOR & PRESTON LLC** | **SAUL EWING, LLP** |
| | |
| | */s/ James D. Taylor, Jr.* |
| Daniel A. Griffith (#4209) | James D. Taylor, Jr. (#4009) |
| The Renaissance Centre, Suite 500 | Marisa R. De Feo (#6778) |
| 405 North King Street | 1201 N. Market Street, Suite 2300 |
| Wilmington, DE 19801-3700 | Wilmington, DE 19801 |
| (302) 353-4144 | (302) 421-6800 |
| dgriffith@wtplaw.com | james.taylor@saul.com |
| | marisa.defeo@saul.com |
| */s/Dwayne Bensing* | |
| Susan L. Burke (#6973) | *Attorneys for the DOC Defendants* |
| Dwayne Bensing (#6754) | |
| ACLU Delaware | |
| 100 W. 10th Street, Suite 706 | |
| Wilmington, DE 19801 | |
| (202) 445-1409 | |
| sburke@aclu-de.org | |
| dbensing@aclu-de.org | |
| | |
| *Attorneys for Plaintiffs* | |

SO ORDERED this _____ day of _____, 2023.


_____
UNITED STATES DISTRICT COURT JUDGE

41502509.1