IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM DAVIS, et al., | |
| Plaintiffs, | |
| v. | C.A. No. 21-1773-GBW |
| KIRK NEAL, et al., | |
| Defendants. | |

Jason H. Beehler, Dwayne J. Bensing, ACLU OF DELAWARE, Wilmington, DE; Daniel A. Griffith, Susan L. Burke, WHITEFORD TAYLOR & PRESTON, LLC, Wilmington, DE.

*Counsel for Plaintiffs*

James D. Taylor, Jr., Marisa R. De Feo, Jennifer M. Becnel-Guzzo, Juliana G. Clifton, SAUL EWING LLP, Wilmington, DE.

*Counsel for the DOC Defendants*

**MEMORANDUM OPINION**

May 19, 2025
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court are DOC Defendants'[1] (1) Motion to Dismiss for Failure to Prosecute ("DOC Defendants' Motion to Dismiss" or "Motion to Dismiss") (D.I. 294), which has been sufficiently briefed (*see* D.I. 306; D.I. 307; D.I. 318; D.I. 325) and (2) Motion for Leave to Exceed Page Limits ("DOC Defendants' Motion for Leave" or "Motion for Leave") (D.I. 323), which has been fully briefed (D.I. 327; D.I. 328). For the reasons discussed below, the Court grants-in-part and denies-in-part DOC Defendants' Motion to Dismiss and grants-in-part and denies-in-part DOC Defendants' Motion for Leave.

---

[1] The "DOC Defendants" are Kevin Bates, Jon Beck, Joshua Betts, Jeremy Blank, Kevin Braswell, James Bray, Dion Brown, Amos Calloway, Keith Calvert, Andrew Cassidy, Stephen Chalmers, William Chandler, Kenneth Charles, Amontay Clanton, Brian Clarke, Anthony Corea, John Dittman, Jeremiah Drummond, Kevin Dunn, David Duperron, Jermaine Fountain, Robert Givens, Harry Hastings, Philip Hastings, Alvin Hudson, Tyson Jefferson, Tracy Jones, Jr., Mark Keefer, Corey Keen, Joseph Kraft, Anton Lindale, Steven Long, Ryan Maddox, Timothy Manaraze, Shyanne Mancha, Steve Mariner, Amy Mathis, Joseph McCarthy, Harold McTeer, Truman Mears, Brandon Messick, Isaac Mitchell, Lyle Neal, Kirk Neal, Arthur O'Day, Michelle Phillips, Nicholaos Psaroudakis, Jeffrey Purdy, Jeremiah Purnell, John Pusey, Chase Reynolds, Ralph Richardson, Ryann Schafer, Mark Sessler, Hunter Simpson, Kameron Spencer, Colby Steele, Dylan Steele, Naomi Strand, Carl Thomas, Nicolas Thomson, Bryan Tindley, Myles Vernet, Hunter West, Brandon Wilkins, Richard Wilson, Anthony Wise, Chris Wisniewski, Jeffrey Wright, James Chandler, Darrell Williams, and Ukee Johnson. *See* D.I. 294 at 1 n.1.

The "Plaintiffs" means, unless context requires otherwise, Isaac Montague, William Davis, Keith Campbell, Adam Calloway, Nasier Gibbs, Charles Turner, Augustine Haymond, Neki T. Gibbs, Sr., Donbray Durham, the Estate of Michael Klein, Kevin Ignudo, George Sturgis, Timothy Newcomb, Barry Cline, Chris Morales, Kyle Bullock, Danny Harding, Jr., Nathan Lewandowski, Bradley Zahner, Warren Selby, Patricio Bautista, Jamal Solomon, Laquan Johnson, Charles Robinson, Shamir Sudler, Jimmie Moore, Reuel Ray, Jason Bennett, Gerald Lusby, Justin Erskine, Donald Beckwith, Bashan McIvor-Bosman, Richard Edwards, Richard Maddux, Byron Kelly, and Luke Erixson and their agent(s), attorney(s), and representative(s). *See* D.I. 294 at 2 n.2.

## I. BACKGROUND

On December 17, 2021, former and current inmates of the Delaware Department of Correction ("DOC") filed a complaint against DOC alleging civil rights violations. D.I. 1. After various amendments to the complaint, motions, and stipulations between the parties, 37 plaintiffs and 77 defendants remain in this action. *See* D.I. 323 ¶ 1 (citing D.I. 49, D.I. 60, D.I. 249, D.I. 292). Additional facts and procedural history are set forth below as necessary.

## II. DISCUSSION

This Discussion has the following Sections: (A) The Court Grants-in-Part and Denies-in-Part DOC Defendants' Motion to Dismiss and (B) the Court Grants-in-Part and Denies-in-Part DOC Defendants' Motion for Leave.

### A. The Court Grants-in-Part and Denies-in-Part DOC Defendants' Motion to Dismiss

On December 20, 2024, DOC Defendants filed their Motion to Dismiss, contending that the Court should dismiss the case, for failure to prosecute, as to Plaintiffs Adam Calloway ("Mr. Calloway"), Barry Cline ("Mr. Cline"), the Estate of Michael Klein ("the Estate"), Bryon Kelly ("Mr. Kelly"), and Jimmie Moore ("Mr. Moore"). D.I. 294. On January 3, 2025, Plaintiffs filed a partial opposition to DOC Defendants' Motion to Dismiss. D.I. 306.

On January 9, 2025, the parties filed a Stipulation Regarding Defendants' Motion to Dismiss for Failure to Prosecute ("Stipulation"). D.I. 307. Therein, the parties stipulated: (1) "[t]he Motion will remain unopposed as to Plaintiffs Kelly and Moore," (2) "the Motion should be granted as to Plaintiffs Kelly and Moore dismissing their claims with prejudice," and (3) "if Plaintiffs Calloway, Cline, and John Klein, on behalf of the Estate of Michael Klein appear for their scheduled depositions, Defendants agree to withdraw the Motion as to them within two business days after their deposition." D.I. 307 at 2-3. On January 30, 2025, DOC Defendants filed a Notice of Withdrawal of Defendants' Motion to Dismiss for Failure to Prosecute as to Plaintiffs

Calloway, Cline, and the Estate of Michael Klein ("Notice of Withdrawal"). D.I. 318. As the name of DOC Defendants' Motion to Withdraw suggests, DOC Defendants therein withdrew their Motion to Dismiss as to Mr. Calloway, Mr. Cline, and the Estate. D.I. 318.

In light of the parties' Stipulation, and DOC Defendants' Notice of Withdrawal, there are no outstanding issues for the Court to resolve, other than to grant DOC Defendants' Motion to Dismiss as to Mr. Kelly and Mr. Moore (per stipulation) and deny DOC Defendants' Motion to Dismiss as to Mr. Calloway, Mr. Cline and the Estate (since the Motion to Dismiss is withdrawn as to them). Accordingly, the Court grants DOC Defendants' Motion to Dismiss as to Mr. Kelly and Mr. Moore and denies-as-moot DOC Defendants' Motion to Dismiss as to Mr. Calloway, Mr. Cline and the Estate.

**B.      The Court Grants-in-Part and Denies-in-Part DOC Defendants' Motion for Leave**

On April 22, 2025, DOC Defendants filed their Motion for Leave seeking the Court's authorization to file "one omnibus motion for summary judgment with an opening brief not to exceed 175 pages, an omnibus statement of facts not to exceed 60 pages, and a reply brief not to exceed 85 pages." D.I. 323 ¶ 4 (footnote omitted). For the reasons discussed below, the Court grants-in-part and denies-in-part DOC Defendants' Motion for Leave.

Federal Rule of Civil Procedure 56(a) provides: "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). Under Rule 56(a), then, *each* party in an action may move for summary judgment, subject to, for example, the Court's local rules and the operative Scheduling Order in the case. In this action, there is nothing prohibiting *each* DOC Defendant from individually moving for summary judgment.

Moreover, it is well-established that matters of docket control, like DOC Defendants' request here to file an omnibus motion for summary judgment that exceeds the normal page limits,

"are committed to the sound discretion of the district court." *Mundy v. City of Pittsburgh*, No. 24-1685, 2024 U.S. App. LEXIS 30822, *4 (3d Cir. Dec. 5, 2024) (nonprecedential); *accord Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (holding that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) (confirming that district courts have "great deference with regard to matters of case management" and collecting cases). The Third Circuit has repeatedly held that it "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *See, e.g.*, *Mundy*, 2024 U.S. App. LEXIS 30822, at *4-5; *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-818 (3d Cir. 1982).

Here, granting DOC Defendants' request for a single omnibus motion will facilitate the "efficient and expedient resolution of" this action. *See Dietz*, 579 U.S. 40, 47. Indeed, judicial economy will benefit from resolving one, instead of potentially 77 motions for summary judgment. Therefore, the Court grants-in-part and denies-in-part DOC Defendants' Motion. In particular, in the event that DOC Defendants elect to file an omnibus motion for summary judgment, the omnibus opening brief in support of that omnibus motion for summary judgment shall not exceed one hundred (100) pages, the omnibus concise statement of facts in support of the omnibus motion for summary judgment shall not exceed forty (40) pages, any omnibus opposition brief to the omnibus motion for summary judgment shall not exceed one hundred (100 pages), and any omnibus reply brief in further support of the omnibus motion for summary judgment shall not exceed fifty (50) pages.

The grounds that Plaintiffs set forth in opposition to DOC Defendants' Motion for Leave lack merit. *First*, Plaintiffs contend that "[s]ummary judgment should . . . be focused on

streamlining the case to the extent possible, reserving all disputed issues of fact for a jury." D.I. 327 at 2. The Court's page allowance for a single omnibus motion, however, does streamline this action. Insofar as genuine issues of material fact arise and preclude the Court from entering summary judgment on any of the claims, the jury will hear those issues. *Second*, Plaintiffs similarly contend that DOC Defendants may only seek summary judgment where "they can credibly claim that there are no material facts in dispute." D.I. 327 at 2. The Federal Rules, however, specify a slightly different procedure. A party may move for summary judgment and, then, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will resolve, for example, whether the absence of "audio" in the pertinent video footage causes a genuine issue of material fact (*see* D.I. 327 at 2-3) after any motions for summary judgment are filed as necessary.

*Third*, Defendants rely on the Court's recent decision in *Bausch & Lomb Inc. v. SBH Holdings LLC*, No. 20-1463-GBW, 2025 WL 1005762 (D. Del. Apr. 3, 2025). D.I. 327 at 3-5. That decision, which concerns multiple summary judgment motions filed per one party (*Bausch & Lomb Inc.*, 2025 WL 1005762), is inapposite to the motion here, which concerns multiple parties filing one omnibus summary judgment motion (D.I. 323).

*Fourth*, Plaintiffs complain that they will suffer prejudice if the Court grants DOC Defendants' Motion for Leave. D.I. 327 at 6. Plaintiffs' complained-of prejudice, however, is illusory, since responding to a single omnibus motion (limited to 100 pages) is less time-consuming than responding to 77 individual motions for summary judgment (each of which is limited to 20 pages). If Plaintiffs believe they require additional time to prepare an opposition to DOC Defendants' contemplated omnibus motion for summary judgment, Plaintiffs may attempt

to stipulate to a briefing schedule with DOC Defendants or, if necessary, seek additional time to respond from this Court, in a manner consistent with the applicable rules.

Separately, the Court denies Plaintiffs' alternative request for "a status conference with the Court during which the parties are required to articulate the specific claims on which they will move for summary judgment." D.I. 327 at 6. The Local Rules require that "every nondispositive motion," like the contemplated omnibus motion for summary judgment here, "shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion." L.R. 7.1.1. During the conference required by this Local Rule, Plaintiffs will have (if they have not had already) the opportunity to address the specific claims on which DOC Defendants intend to move.[2]

## III.   CONCLUSION

For the foregoing reasons, the Court grants DOC Defendants' Motion to Dismiss for Failure to Prosecute (D.I. 294) as to Mr. Kelly and Mr. Moore and denies-as-moot DOC Defendants' Motion to Dismiss for Failure to Prosecute (D.I. 294) as to Mr. Calloway, Mr. Cline and the Estate. The Court also, for the foregoing reasons, grants-in-part and denies-in-part DOC Defendants' Motion for Leave to Exceed Page Limits (D.I. 323). The Court will enter an Order consistent with this Memorandum Opinion.[3]

---

[2] The Court recognizes that the meet and confer requirement only applies to cases that do not involve *pro se* parties. However, the *pro se* parties in this action appear to have been terminated and, thus, the Court instructs the parties to comply with this Local Rule.

[3] The Court reminds counsel to list the "Delaware state bar identification number" for each local counsel under the signature line of filed briefs. *See* L.R. 5.1.1.; *see also* D.I. 323 (not listing the "Delaware state bar identification number" for Jennifer M. Becnel-Guzzo).