## IN THE DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 1:21-cv-01773 GBW-EGT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| KIRK NEAL, et al., | ) | |
| | ) | **PUBLIC VERSION FILED** |
| Defendants. | ) | **JUNE 13, 2025** |

---

**CONCISE STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
PLAINITFF SOLOMON'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANT HASTINGS**

---

*/s/ Daniel A. Griffith*
Daniel A. Griffith, Esq. (ID # 4209)
Whiteford, Taylor & Preston LLC
Courthouse Square
600 North King Street, Suite 300
Wilmington, DE 19801-3700
Telephone: (302) 353-4144
Email: dgriffith@wtplaw.com

*/s/ Dwayne Bensing*
Dwayne Bensing, Esq. (ID #6754)
ACLU Delaware
100 W. 10 Street, Suite 706
Wilmington DE 19801
Telephone: (202) 445-1409
Email: dbensing@aclu-de.org

*Attorneys for Plaintiffs*

Dated: May 30, 2025

### *CONCISE STATEMENT OF MATERIAL FACTS THAT ARE NOT IN DISPUTE*

1.      In 1997, Defendant Hastings joined the Delaware Department of Corrections ("DOC") as a corrections officer.  Joint Appendix ("J.A.") [   ] (Hastings. Tr 8:23-24, 9:1.)  He worked at SCI from early in his employment until his retirement in 2023.  J.A. [   ] (Hastings Tr. 11:7-15); *see also* J.A. [   ] (Dkt. 69 at ¶ 60).  In 2021 (the time period of the incident with Solomon), Hastings was a sergeant.  J.A. [   ] (Hastings Tr. 12:1-4.)

2.      Defendant Hasting received extensive training on the permissible use of force during his time at the academy.   J.A. [   ] (Hastings Tr. 31:23-24, 32:3-15, 34:4-6.)  He received academy training about the use of pepper spray, including its physical impacts such as "burning of the eyes."  J.A. [   ] (Hastings Tr. 34:7-24, 35:1-6.)  He also received annual training on the use of force.  J.A. [   ] (Hastings Tr. 33:18-24, 34:1-3.) And Hastings received even more training on the use of force, including the use of OC spray, when he applied and was selected for the Correctional Emergency Response Team ("CERT"). J.A. [   ] (Hastings Tr. 36:11-24, 37:1-11.)

3.      Defendant Hastings admitted that at every rank, officers had responsibility to de-escalate situations with inmates.  J.A. [   ] (Hastings Tr. 15:6-12.)  He admitted that the DOC requires a graduated approach with any use of force being a last resort after de-escalations measures have failed.  J.A. [   ] (Hastings Tr. 43:22-24; 44:1-24; 45:1-24; 46:1-5.)

4.      Defendant Hastings admitted that he was trained to deploy OC spray from four to six feet away from the inmate.  J.A. [   ] (Hastings Tr. 39:11-17.)  He admitted that using OC spray at anything less than three feet could cause hydraulic needling.  J.A. [   ] (Hastings Tr. 77:4-12.)  He claimed that pepper spray could be used on a non-moving resistor but admitted that it could only be used as a "last resort" after de-escalation measures failed.  J.A. [   ] (Hastings Tr. 64:3-24, 65:1-17.)

1

5.      Contemporaneous video produced by DOC pursuant to subpoena captures a September 2021 encounter between Hastings and Solomon on that day.  J.A. [   ] (Video457Clip01 2:50-5:00) and J.A. [   ] (Video450Clip01 2:50-5:00 (overhead view of same timeframe)).  Solomon is sitting on a bench.  Hastings walks up to him and gestures that Solomon should move.  Although there is no audio on the video recordings, it appears that Hastings is speaking to Solomon.  Solomon does not get up and does not create any physical threat to Hastings.  Hastings walks closer to him and sprays him directly in the face.  Solomon raises his shirt over his face to block the spray.

6.      Defendant Hastings recalled the incident with Plaintiff Solomon.  J.A. [   ] (Hastings Tr. 105: 4-23.)  He admitted that he and several other officers were in the room with Solomon sitting on a bench, not moving.  J.A. [   ] (Hastings Tr. 111 -120.)  He admitted that he sprayed Solomon merely because Solomon refused to move, and he failed to try to use holding or control instruments with Solomon before resorting to force.  J.A. [   ] (Hast. Tr. 117: 22-24, 118: 1.)

7.      Defendant Hastings admitted that Solomon "[was] not being combative" when Hastings decided to spray him.  J.A. [   ] (Hastings Tr. 122:15-24, 123:1-5.)  He admitted that Solmon was not doing anything threatening at any point captured by the video.  J.A. [   ] (Hastings Tr. 123: 6-24, 124:1-24, 126:2-4, 13-23, 127:3-9.)

8.      Defendant Hastings admitted that despite the lack of any threat posed by Solomon, he sprayed the OC spray directly in his face at less than three feet.  J.A. [   ] (Hastings Tr. 127:3-17.)  Even after he was sprayed, Solomon did not present any threat, instead turning around and offering his hands to be cuffed.  J.A. [   ] (128:11-24, 129:1).

2

9.      Plaintiff Solomon was transferred to the CRU on or about September 7, 2021, and remained therein until September 22, 2021.  J.A. [   ] (Answer, Dkt. 69 at ¶ 691).

10.      Although the DOC failed to investigate Hastings' use of OC spray until after Solomon filed a lawsuit, Internal Affairs investigator Huttie conducted a post-filing investigation into the incident.  Investigator Huttie admitted under oath during his deposition that Hastings used excessive force against Solomon:

> Q. And notwithstanding that Lt. Hastings engaged in excessive force according to the policy, you exonerated him.
>
> A. Yes.

J.A. [   ] (Huttie Tr. 228:20-23.)

> Q. In this case you agree it was excessive according to the policy but not excessive according to you, right?
>
> A. Yes.

J.A. [   ] (Huttie Tr. 231:4-6.)

11. Two other plaintiffs in this lawsuit alleged in the Third Amended Complaint, D.I. 60, that Defendant Hasting used excessive force against them: Gibbs, D.I. 60 ¶¶ 60, 273-274 and Robinson, D.I. 60 ¶¶ 60, 704-719.

*/s/Daniel A. Griffith*
Daniel A. Griffith, Esq. (ID # 4209)
Whiteford, Taylor & Preston LLC
Courthouse Square
600 North King Street, Suite 300
Wilmington, DE 19801-3700
Telephone: (302) 353-4144
Email: dgriffith@wtplaw.com

3

*/s/ Dwayne Bensing*

Dwayne Bensing, Esq. (ID #6754)
ACLU Delaware
100 W. 10 Street, Suite 706
Wilmington DE 19801
Telephone: (202) 445-1409
Email: dbensing@aclu-de.org

*Attorneys for Plaintiffs*

Dated: May 30, 2025

4