## IN THE DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 1:21-cv-01773 GBW-EGT |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| KIRK NEAL, et al., | ) | |
| | ) | **PUBLIC VERSION FILED** |
| Defendants. | ) | **JUNE 13, 2025** |

---

### CONCISE STATEMENT OF MATERIAL FACTS THAT ARE NOT IN DISPUTE PLAINTIFF SELBY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MITCHELL

---

*/s/ Daniel A. Griffith*
Daniel A. Griffith, Esq. (ID # 4209)
Whiteford, Taylor & Preston LLC
Courthouse Square
600 North King Street, Suite 300
Wilmington, DE 19801-3700
Telephone: (302) 353-4144
Email: dgriffith@wtplaw.com

*/s/ Dwayne Bensing*
Dwayne Bensing, Esq. (ID #6754)
ACLU Delaware
100 W. 10 Street, Suite 706
Wilmington DE 19801
Telephone: (202) 445-1409
Email: dbensing@aclu-de.org

*Attorneys for Plaintiffs*

Dated: May 30, 2025

*CONCISE STATEMENT OF MATERIAL FACTS THAT ARE NOT IN DISPUTE*

1.      In 2020, Defendant Mitchell joined the Delaware Department of Corrections ("DOC") and went through the academy.  Joint Appendix ("J.A.") [    ] (Mitchell Tr. 18: 14-21, 19: 1-10.)

2.      By the time period of the lawsuit, Defendant Mitchell worked at SCI where he was promoted to corporal.  J.A. [   ] (Answer, Dkt. 69 at ¶ 58); J.A. [   ] (Mitchell Tr. 19:19-20.)

3.      During his time at the academy and annual refresher trainings, Defendant Mitchell received extensive training on the permissible uses of force.  J.A. [   ] (Mitchell Tr. 23:3-21, 24:1-6; 27:2-5, 16-20; 28:1-4.)

4.      He also received extensive training on the appropriate use of pepper spray.  J.A. [   ] (Mitchell Tr. 8:9-21 (trained on minimum distance to use spray); J.A. [   ] (Mitchell Tr. 27: 16-21, 28:1-15 (certified on use of OC spray).

5.      Defendant Mitchell admitted he knew that if the spray is used to close to the target, it may penetrate the tissue of the eyes or skin, which is known as hydraulic needling.  J.A. [   ] (Mitchell Tr. 11: 18-21, 12:1-10.)  He admitted that he knew that the recommended distance to use pepper spray was "three to six feet."  J.A. [   ] (Mitchell Tr. 12:11-19.)

6.      Defendant Mitchell admitted that, despite this extensive training, he was investigated for an excessive use of force involving pepper spray and required to undergo additional training. J.A. [   ] (Mitchell Tr. 32:13-21, 33:1-8, 18-21, 34:1-15, 37:8-11.)

7.      Defendant Mitchell discharged his pepper spray onto Plaintiff Selby.  J.A. [   ] (Answer, Dkt. 69 at ¶ 666.)

8.      Contemporaneous video produced by DOC pursuant to a subpoena captures the encounter between Plaintiff Selby and Defendant Mitchell.  J.A. [   ] (Clip 438_01 0:00 – 1:40). The video shows Plaintiff Selby standing still and using the telephone.  Defendant Mitchell walks up and stands inches away and appears to be speaking for sixteen seconds.  After sixteen seconds, Defendant Mitchell grabs Plaintiff Selby, sprays OC spray in his face and forcibly throws him to the ground.  *Id*.

9.      During his deposition, Defendant Mitchell admitted he used pepper spray on Plaintiff Selby when he was only a step away from him.  J.A. [   ] (Mitchell Tr. 132: 18-21, Mitchell Tr. 133: 18-21.)

10.     Defendant Mitchell admitted that Selby never verbally or physically threatened him or anyone.  J.A. [   ] (Mitchell Tr. 123: 5-15.)

11.     Defendant Mitchell admitted that the use of force resulting in Selby being forcibly thrown to the ground "possibly" could have been avoided if he had merely given him a verbal order. J.A. [   ] (Mitchell Tr. 134:13-20.)

12.     Nobody investigated Defendant Mitchell's use of force until Plaintiff Selby filed his lawsuit.  After the lawsuit was filed, Internal Affairs investigator Huttie was assigned to measure correctional officer's conduct against policy to determine if excessive force was used. *See* J.A. [   ] (Huttie Tr. 25:2-8; 68:2-6.) Such determinations of policy violations are clearly within the purview of Internal Affairs investigators.  See J.A. [   ] (Troxler Tr. 26:7-9 (investigator's obligation to apply the policy and "determine whether or not the officer's use of force was excessive according to the policy.")

13.     Internal Affairs investigator Huttie admitted under questioning during his deposition that Defendant Mitchell violated the policy prohibiting excessive use of force when he sprayed Plaintiff Selby:

Q. And we can agree that Mr. -- I'm sorry -- Officer Mitchell pepper-sprayed a non-moving resister.

A.     Yes, sir.

Q.     And we can agree that according to the policy model that's not permitted; right?

A.     Yes, sir.

J.A. [   ] (Huttie Tr. 218:12-18.)

14.  Two other plaintiffs in this lawsuit alleged in the Third Amended Complaint, D.I. 60, that Defendant Mitchell used excessive force against them:  Haymond, ¶¶ 58, 312-321 and Newcomb, ¶¶ 58, 465-479.

*/s/Daniel A. Griffith*
Daniel A. Griffith, Esq. (ID # 4209)
Whiteford, Taylor & Preston LLC
Courthouse Square
600 North King Street, Suite 300
Wilmington, DE 19801-3700
Telephone: (302) 353-4144
Email: dgriffith@wtplaw.com

*/s/ Dwayne Bensing*
Dwayne Bensing, Esq. (ID #6754)
ACLU Delaware
100 W. 10 Street, Suite 706
Wilmington DE 19801
Telephone: (202) 445-1409

Email: dbensing@aclu-de.org

*Attorneys for Plaintiffs*

Dated: May 30, 2025