IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1773-EGT |
| | ) | |
| KIRK NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

WHEREAS, there are currently thirty-four plaintiffs and sixty-six defendants in this consolidated case (*see* D.I. 468);

WHEREAS, Defendants filed an Omnibus Motion for Summary Judgment (D.I. 343) that seeks summary judgment based on thousands of pages of submissions and for at least sixteen separate grounds, including the defense of qualified immunity based on no underlying constitutional violation (*i.e.*, that no excessive force was used);[1]

WHEREAS, it is unclear on which grounds each individual Defendant seeks summary judgment despite the chart that Defendants filed pursuant to the Court's order (*see* D.I. 336; D.I. 344-3), particularly because Defendants improperly focus on isolated individual actions rather than the totality of the circumstances surrounding the complained-of use of force (*see* D.I. 344-3 at 1 ("Verbal Abuse is Not a Use of Force")); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986);

---

1 It is inconceivable that there is no genuine fact issue across the many grounds raised in the omnibus brief.

WHEREAS, pursuant to the Scheduling Order previously entered by Judge Williams, a party seeking summary judgment on more than one ground is required to rank each ground in the order in which the party wishes for the Court to review the pending motions (D.I. 190 ¶ 9(c));

WHEREAS, Defendants' single omnibus motion appears to flout this requirement as the Court previously noted (*see* D.I. 467 at 153:13-154:4), and the Court sees no meaningful distinction between an omnibus motion raising multiple grounds for summary judgment and separate motions raising the same multiple grounds for summary judgment;

WHEREAS, an important purpose of summary judgment is to narrow the issues for trial by resolving issues that can be decided in a party's favor as a matter of law because there is no genuine dispute of material fact – *i.e.*, it is not to conduct a *de facto* bench trial of sorts based on shotgun theories and voluminous submissions that burden the parties and waste judicial resources;

WHEREAS, there is sound reasoning in the ranked-choice procedure employed by various judges in this district to combat excessive summary judgment motion practice, *see, e.g.*, *Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-GBW, 2025 WL 1005762, at *3-5 (D. Del. Apr. 3, 2025); *Dali Wireless, Inc. v. CommScope Techs. LLC*, C.A. No. 19-952-MN, 2022 WL 19830016, at *1 (D. Del. Jan. 28, 2022); *see also* https://www.ded.uscourts.gov/sites/ded/files/opinions/STANDING%20ORDER%20FOR%20SUMMARY%20JUDGMENT%20PRACTICE%20IN%20PATENT%20CASES.pdf; and

WHEREAS, this case is one in which excessive summary judgment motion practice has unnecessarily burdened the parties and the Court.

THEREFORE, IT IS HEREBY ORDERED that, on or before August 28, 2026, Defendants shall file a single letter with the Court ranking each Defendant's grounds for summary judgment

per Plaintiff[2] in whatever order that Defendant chooses but with the understanding that once the Court denies summary judgment as to any single ground raised by that Defendant, the Court will not address any of that Defendant's later-ranked summary judgment grounds with respect to the relevant Plaintiff.[3,4]

Dated: August 24, 2026

UNITED STATES MAGISTRATE JUDGE

2 For example, if Defendant X moved for summary judgment against both Plaintiff A and Plaintiff B on multiple grounds, then Defendant X shall file two rankings: one ranking for all grounds raised against Plaintiff A and one for all grounds raised against Plaintiff B.

3 To be clear, the Court views the qualified immunity inquiry as containing two distinct grounds – (1) whether a right was violated and (2) whether such a right was clearly established. *See Mack v. Yost*, 63 F.4th 211, 227 (3d Cir. 2023). For example, if Defendant Y ranks first that no right was violated and the Court finds a material fact dispute on that issue, the Court will deny summary judgment as to all remaining grounds raised by Defendant Y. As another example, if Defendant Z ranks first that the right was not clearly established, the Court will assume that the right (as framed by the relevant plaintiff) was violated; if the Court then determines such a right was clearly established, the Court will deny summary judgment as to all remaining grounds raised by Defendant Z.

4 Because each moving Plaintiff only sought summary judgment on one ground – that the relevant Defendant violated their right to be free from excessive force (*see* D.I. 357, 380, 381, 382 & 383) – the Court finds it unnecessary for Plaintiffs to rank grounds.